UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 2:23-CV-10806
                                          District Judge Matthew F. Leitman
v.                                  Magistrate Judge Anthony P. Patti

UNITED TAX TEAM, INC., et al.,

                Defendants.

_____/

**<u>ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S
MOTION REGARDING SUFFICIENCY OF DEFENDANTS' ANSWERS
TO REQUESTS FOR ADMISSION (ECF NO. 56) AND REQUIRING
AMENDED ANSWERS TWO WEEKS AFTER THE COURT RULES ON
THE PENDING MOTION TO AMEND (ECF Nos. 63 & 64)</u>**

Before the Court is Plaintiff United States of America's "Motion Regarding Sufficiency of Defendants Glen Hurst's and United Tax Team, Inc.'s Answers to Requests for Admission." (ECF No. 56.) The matter has been fully briefed, and on June 14, 2024, Judge Leitman referred the motion to me pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 60.) The Court set a hearing on the motion, and the parties appeared for oral argument on August 19, 2024.

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's "Motion Regarding Sufficiency of Defendants Glen Hurst's and United Tax Team, Inc.'s Answers to

Requests for Admission" (ECF No. 56.) (ECF No. 56), as framed by the joint statement of resolved and unresolved issues (ECF No. 70), is **DENIED IN PART, AND GRANTED IN PART**.

Specifically, the objection to Request for Admission Number 418 is **OVERRULED**.  The request did not call for a legal conclusion, but the application of law to fact, which is allowed under Fed. R. Civ. P. 36.  *See United States ex rel. Bibby v. Mortg. Invs. Corp.*, 323 F.R.D. 424, 427 (N.D. Ga. 2017) ("[R]equests that apply the legal conclusions to the discrete facts of the given case are more likely permissible.").

As to the remaining requests at issue (*see* ECF Nos. 56-2 & 56-3), the Court agrees with Plaintiff that Defendants' answers to the requests are unnecessarily unclear, as they appear to respond to the requests at the same time that they suggest they lack adequate information to do so.  The Court therefore **GRANTS** Plaintiff's motion (ECF No. 56) to the extent it asks that Defendants' answers be deemed insufficient and for the Court to order amended responses; however, the Court **DENIES** the motion to the extent it asks the Court to deem the requests admitted. Instead, the Court will order that Defendants must amend their answers to the requests at issue.

Any amended response must make clear which part of the request is admitted or denied, and which part of the request Defendants are unable to admit

2

or deny.  The amended responses must adhere to the requirements of Fed. R. Civ.

P. 36(a)(4), and, to the extent any part of the answer states that Defendants lack

knowledge or information to respond, Defendants must state that they have made

reasonable inquiry and that the information they have is insufficient to enable them

to admit or deny.  *See* Fed. R. Civ. P. 36(a)(4).[1]

The amended responses will be due **fourteen days** after the Court has ruled

on the Defendants' motions to amend (as initially filed and as amended) (ECF Nos.

63 & 64), which are pending before Judge Leitman.

**IT IS SO ORDERED.**[2]

Dated:  August 20, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] "Answer. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).