UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                        Case No. 23-cv-10806
                                            Hon. Matthew F. Leitman

v.

UNITED TAX TEAM, INC., *et al.*,

      Defendants.
_____/

## ORDER GRANTING DEFENDANT GLEN HURST'S AMENDED MOTION FOR LEAVE TO FILE *INSTANTER* AMENDED ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL (ECF No. 64)

In this action, Plaintiff United States of America alleges that Defendant United Tax Team, Inc. ("United"), its director Glen Hurst, and several other employees of United (the "Employees") engaged in a fraudulent tax scheme accomplished by preparing false federal tax returns. (*See* Compl., ECF No. 13.) United and Hurst have each filed an Answer to the Complaint and a Cross-Claim against the Employees; the Employees have not responded to the Complaint.

In his Answer, Hurst admitted certain allegations concerning wrongdoing by the Employees. (*See, e.g.*, Ans., ECF No. 41, PageID.1416-1419, PageID.1434-1436.) Hurst has now filed an Amended Motion for Leave to File *Instanter* Amended Answer to Amended Complaint with Affirmative Defenses and Demand

1

for Jury Trial. (*See* Mot., ECF No. 64.) In that motion, he seeks leave to amend his Answer to deny the allegations of misconduct by the Employees. (*See* Mot., ECF No. 64-1.) Hurst claims that his initial admissions resulted from confusion. He says that he admitted the alleged wrongdoing by the Employees in order to be consistent with the allegations in his Cross-Claim that the Employes committed misconduct. He now says that he actually denies the allegations of wrongdoing against the Employees in the Complaint, and he clarifies that he intends to assert the allegations against the Employees in the Cross-Claim in the alternative. His proposed Amended Answer will deny the allegations of misconduct by the Employees. For the reasons explained below, Hurst's motion is **GRANTED**, and he may file an Amended Answer.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court should "freely give leave" to amend a pleading "when justice so requires." Leave should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court finds that no such reasons are present here. The parties have just begun discovery, and the Court has not yet issued a Case Management Order. Moreover, Hurst did not unduly delay in seeking leave to amend, and Plaintiff will not suffer any unfair prejudice as

a result of the proposed amendment. Under these circumstances, Hurst should be permitted to amend.

Plaintiff counters that it would suffer unfair prejudice if Hurst is allowed to amend his Answer because it will now have to prove that Hurst and United knew of the Employees' alleged misconduct. (*See* ECF No. 65, PageID.1915.) But this is exactly what Plaintiff would have had to do when bringing this case in the first place. There is nothing unfair about holding Plaintiff to that burden now – especially in light of the fact that Plaintiff will have plenty of time to conduct discovery and gather evidence supporting its claims.

Moreover, the primary cases cited by Plaintiff are distinguishable. (*See* Resp., ECF No. 65, PageID.1912, *citing Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc.*, 780 F.2d 549, 551 (6th Cir. 1986) and *In re Wood*, 647 B.R. 165, 173 (B.A.P. 6th Cir. 2022).) In each of those cases, the motion for leave to amend was filed far later in the proceedings than Hurst's motion.

Finally, the Court disagrees with Plaintiff's suggestion that Hurst must be permanently bound by the admissions in his Answer. While those admissions do rise to the level of judicial admissions, it is within the court's discretion to relieve the party of such an admission where there is evidence it resulted from "inadvertence of mistake." *In re Kattouah*, 452 B.R. 604, 608 (E.D. Mich. 2011). Here, Hurst's counsel explains that the admission resulted from inadvertence – from confusion

3

over the perceived need to harmonize the allegations in the Answer and Cross-Claim. The Court is persuaded that relief from the judicial admissions is appropriate under these circumstances.

For all of the reasons stated above, Defendant Glen Hurst's Amended Motion for Leave to File *Instanter* Amended Answer to Amended Complaint with Affirmative Defenses and Demand for Jury Trial (ECF No. 64) is **GRANTED**. Hurst shall file the amended pleading by not later than **September 25, 2024**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 16, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 16, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126